IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 14 2003

[signature]
CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LUIS A. CISNEROS,
FELIPE N. CISNEROS,
RAYMOND O. LLAMAS,
PAUL E. EPPINGER,
ANGEL R. RIVERA, and
ARMANDO R. ALVARADO,

    Defendants.

CRIMINAL No. 01-1709 MCA

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the *Motion for Immediate Production of Discovery and Memorandum in Support Thereof and Request for Evidentiary Hearing* [Doc. No. 236] filed by Defendant Angel Rivera and joined by Defendants Luis Cisneros, Felipe Cisneros, Paul Eppinger, Raymond Llamas, and Armando Alvarado on January 10, 2003. Having considered the parties' submissions, the applicable law, and being fully advised in the premises, the Court finds that grounds exist for granting in part and denying in part Defendants' *Motion* as set forth below.



I.  **BACKGROUND**

Following the arraignments of Defendants Armando Alvarado [Doc. No. 92], Paul Eppinger [Doc. No. 103], Raymond Llamas [Doc. No. 123], and Angel Rivera [Doc. No. 125] on the Second Superseding Indictment, the United States Magistrate Judges who presided at these arraignments issued discovery orders [Doc. No. 91, 102, 120, 124] in the standard form used in this District. Pursuant to unopposed motions filed by the United States [Doc. No. 104, 131], the discovery and motions deadlines imposed by these standard discovery orders were stayed by this Court [Doc. No. 113, 134].

The presiding Magistrate Judge again issued standard discovery orders regarding motions and discovery deadlines [Doc. No. 153, 171] following the arraignments of Defendants Luis Cisneros [Doc. No. 157], Felipe Cisneros [Doc. No. 156], Angel Rivera [Doc. No. 169], Paul Eppinger [Doc. No. 166], Raymond Llamas [Doc. No. 167], and Armando Alvarado [Doc. No. 165] on the Third Superseding Indictment. At the time these orders were entered, the *United States' Motion to Designate This Case Complex Under 18 U.S.C. § 3161(h)(8)(B)(ii) and Issue Discovery, Conference, and Motions Deadlines* [Doc. No. 143] was pending. Among other things, the United States' motion requested that the Court extend the deadlines imposed by virtue of the Speedy Trial Act and issue a global scheduling order that sets new deadlines for discovery appropriate to the complexity of this case.

Defendants Luis Cisneros, Felipe Cisneros, Paul Eppinger, and Angel Rivera initially opposed the United States' motion. [Doc. No. 183, 204, 205.] Defendants Luis Cisneros, Felipe Cisneros, Paul Eppinger, Raymond Llamas, Angel Rivera and Armando Alvarado also filed or joined in a *Motion to Ensure Fair and Reasonable Amount of Time for Defense to Review Discovery Before Government Decides Whether to Seek Death Penalty*. [Doc. No. 148, 155, 164, 177, 196.] In that motion, the six death-eligible Defendants objected to the deadline imposed by the United States Attorney for completing the defense presentations to the United States Department of Justice pursuant the Department's internal death-penalty protocol stated in Title 9, Chapter 10 of the United States Attorneys' Manual. One of the grounds for this objection was that the United States Attorney's deadline did not provide the death-eligible Defendants with sufficient time to review the voluminous discovery materials that the United States was in the process of producing at that time.

In a *Memorandum Opinion and Order* filed on December 10, 2002 [Doc. No. 200], this Court denied the six death-eligible Defendants' *Motion to Ensure Fair and Reasonable Amount of Time for Defense to Review Discovery Before Government Decides Whether to Seek Death Penalty*. In that *Memorandum Opinion and Order*, the Court concluded that these Defendants lack any judicially enforceable substantive or procedural rights with respect the Government's exercise of prosecutorial discretion under the Justice Department's internal death-penalty protocol. Accordingly, the Court also concluded that it has no authority to order the United States Attorney to extend the deadlines for allowing Defendants

in this case to make presentations to the United States Department of Justice under the Department's internal death-penalty protocol.

Nevertheless, by letter dated December 17, 2002, the United States Attorney for the District of New Mexico informed the parties and this Court that he would voluntarily extend the deadline for making such presentations for an additional sixty days. The United States Attorney requested written submissions by February 13, 2003, with meetings to follow during the week of February 24-28, 2003. After the United States Attorney granted this sixty-day extension, Defendants Luis Cisneros, Felipe Cisneros, Paul Eppinger, and Angel Rivera withdrew their objections to the case being designated complex under the Speedy Trial Act. [Doc. No. 230.]

The Court then granted the United States' *Motion to Designate This Case Complex* in an *Order* filed on January 23, 2003. [Doc. No. 244.] That *Order* stated that the Court will establish trial dates as well as prospective discovery, conference, and motions deadlines appropriate for the complexity of this case. As of this date, the Court has not set trial dates for any Defendant in this case.

According to the parties' representations at status conferences held in this matter on November 12, 2002, and December 20, 2002, the United States has produced a substantial amount of discovery materials to the defense team, including approximately 33,000 pages of written materials (in hard copy), a large number of audio recordings of intercepted telephone calls (some in analog format and some in digital format), written summaries of

those calls, and over one hundred (100) video surveillance recordings. On January 6, 2003, the parties' submitted a *Joint Proposal for Order Regarding the Electronic Coding of Discovery and Conversion of Audiotapes to CD-ROM ".WAV" Files* [Doc. No. 231], in which they represented that the written materials and audio recordings can be more easily searched, organized, and managed if they are converted to an electronic format. This Court obtained the necessary authorization from the Tenth Circuit and issued an *Order* authorizing the parties to proceed with their *Joint Proposal* on January 17, 2003. [Doc. No. 238.]

## II. ANALYSIS

Counsel for the United States assert that they are aware of, have complied with, and will continue to comply with the prosecution's discovery obligations under Fed. R. Crim. P. 16 and Brady v. Maryland, 373 U.S. 83 (1963). (Govt's. Resp. at 12, 18.) Counsel for the United States further asserts that they have cooperated with Defendants on discovery issues, as evidenced by the parties' *Joint Proposal*, their voluntary discovery efforts, and the United States Attorney's extension of the deadline for completing the defense presentations pursuant to the Department of Justice's internal death-penalty protocol.

In their *Motion for Immediate Production of Discovery* [Doc. No. 236], the six death-eligible Defendants seek immediate disclosure of two general categories of information: (1) "facts and evidence which show each defendant's alleged role in the offenses," and (2) "exculpatory information showing that the defendants did not commit the offenses or that they did not play the roles in the offenses the government alleges or that their punishment

should be mitigated." (Def. Reply at 1.) With respect to these categories of information, the six death-eligible Defendants claim that the United States has not complied with its pretrial discovery obligations. They claim that the United States is improperly withholding (or blocking access to) information that is subject to disclosure, and they demand immediate disclosure of such information pursuant to Fed. R. Crim. P. 16, the Fifth, Sixth, and Eighth Amendments to the United States Constitution, and the authority set forth in Brady and its progeny. See generally Giglio v. United States, 405 U.S. 150 (1972); United States v. Bagley, 473 U.S. 667 (1985); Kyles v. Whitley, 514 U.S. 419 (1995); Strickler v. Greene, 527 U.S. 263 (1999).

Before addressing the categories of information requested in the six death-eligible Defendants' *Motion for Immediate Production of Discovery*, the Court addresses the timing of discovery. The general rule is that the types of information subject to disclosure under Brady, Giglio, Kyles, or the Jencks Act "must be disclosed in sufficient time to permit a defendant to make effective use of them at trial." United States v. Heatley, 994 F. Supp. 483, 492 (S.D.N.Y. 1998); accord United States v. Beckford, 962 F. Supp. 780, 785-86 (E.D. Va. 1997). Thus, the timing of discovery in a criminal case generally is controlled by the dates on which the Defendants are scheduled to go to trial before a jury.

As explained in the Court's prior *Memorandum Opinion and Order* [Doc. No. 200], proceedings before the United States Attorney and the Department of Justice pursuant to the Justice Department's internal death-penalty protocol (stated in Title 9, Chapter 10 of the

United States Attorneys' Manual) are not equivalent to a trial, and the death-eligible Defendants lack any judicially enforceable substantive or procedural rights with respect proceedings under that internal protocol. See Nichols v. Reno, 931 F. Supp. 748, 751-52 (D. Colo. 1996), aff'd, 124 F.3d 1376 (10th Cir. 1997); United States v. McVeigh, 944 F. Supp. 1478, 1483-84 (D. Colo. 1996). It follows that the timing of discovery during the pre-authorization phase of this case is not controlled by the deadlines established by the United States Attorney pursuant to the Justice Department's internal death-penalty protocol. Those deadlines do not provide the death-eligible Defendants with any judicially enforceable right to receive discovery materials during the pre-authorization phase of this case. See United States v. Fernandez, 231 F.3d 1240, 1246 (9th Cir. 2000); United States v. Williams, 181 F. Supp. 2d 267, 299 (S.D.N.Y. 2001); United States v. Shakir, 113 F. Supp. 2d 1182, 1186-90 (M.D. Tenn. 2000).

Further, the Court has not set trial dates for any Defendant at this time, and thus the six death-eligible Defendants have not shown that their right to make effective use of exculpatory information at trial is in jeopardy at this early stage of the case. As stated in the *Order* [Doc. No. 244] granting the *United States' Motion to Designate This Case Complex Under 18 U.S.C. § 3161(h)(8)(B)(ii) and Issue Discovery, Conference, and Motions Deadlines* [Doc. No. 143], the Court will establish trial dates and pretrial deadlines appropriate for the complexity of this case at a later date. Those deadlines will account for Defendants' right to receive information that is subject to disclosure by the prosecution in time for that information to be effectively used in defense at trial.

At this time, the Court construes the six death-eligible Defendants' *Motion for Immediate Production of Discovery* to include a request under Fed. R. Crim. P. 16(a) for information that is subject to disclosure under that rule, as well as a request for Brady material. Accordingly, with respect to these six Defendants, the Court reimposes the discovery obligations under Fed. R. Crim. P. 16 and Brady that were stated in the standard discovery orders issued at the time of each death-eligible Defendant's arraignment.

The Court defers ruling on specific disputes about whether a particular item of information is subject to disclosure under Fed. R. Crim. P. 16, or Brady and its progeny, until such disputes are properly raised and briefed pursuant to the local rules and procedures of this Court. The Local Rules of the United States District Court for the District of New Mexico provide, in relevant part, that:

> Before filing a motion for discovery or inspection under Federal Rule of Criminal Procedure 16, defense counsel and the assigned prosecutor shall hold a good faith discussion of the immediate availability of Rule 16 and *Brady* material and when *Jencks* material will be available. The moving party shall file a certificate of compliance with this rule with any motion made under the Rule.

D.N.M. LR-Crim. 16.1. Similarly, the standard discovery orders issued on the date of each Defendant's arraignment in this case require discovery motions to identify with specificity: (1) the evidence required to be disclosed and the paragraph of the discovery order authorizing its production, and (2) the Assistant U.S. Attorney or the individual defense counsel to whom a specific request for disclosure was made, the date such disclosure was denied, and the proffered reason for denial. [Doc. No. 91, 102, 120, 124, 153, 171.] The death-eligible

Defendants' *Motion for Immediate Production of Discovery* does not comply with these requirements.

Further, it is not the Court's duty to review all of the material gathered during the Government's investigation and determine, in the first instance, which specific items are required to be disclosed under Fed. R. Crim. P. 16(a) or Brady and its progeny. That duty "rests with the prosecution." United States v. McVeigh, 923 F. Supp. 1310, 1313 (D. Colo. 1996). In the present case, counsel for the United States recognize their obligations under Brady and have expressed that they will abide by those obligations. (Govt's. Resp. at 12.)

If, after holding a good-faith discussion of a specific matter as required under D.N.M. LR-Crim. 16.1, a party concludes that its opponent has not complied with its duties regarding that specific matter, that party may file a motion in compliance with the procedure set forth in the Local Rules and this *Memorandum Opinion and Order*. If the dispute concerns a request made under Fed. R. Crim. P. 16, that rule provides the Court with the authority "to enter orders compelling compliance with the rule or imposing sanctions for the failure to do so." United States v. McVeigh, 954 F. Supp. 1441, 1451 (D. Colo. 1997).

Fed. R. Crim. P. 16 also provides the Court with "the authority to grant a protective order denying, restricting, or deferring discovery upon a proper motion." Id. Thus, in the event that disclosure of a specific matter jeopardizes the life or safety of any person, or for other good cause, a party may move for such a protective order. See, e.g., 18 U.S.C. § 3432

(disclosure of witness lists); United States v. Napue, 834 F.2d 1311, 1317 (7th Cir. 1988) (disclosure of witness identities).

Finally, the Court has the inherent authority and supervisory power to order certain kinds of pretrial discovery that is not available as of right, see, e.g., Napue, 834 F.2d at 1318, and to impose sanctions based on a party's violation of a discovery order even where Fed. R. Crim. P. 16 is inapplicable, see United States v. Gonzales, 164 F.3d 1285, 1291 (10th Cir. 1999). There are limits, however, to the Court's inherent authority and supervisory power.

The doctrine of separation of powers found in the United States Constitution provides one such limitation. "[T]he doctrine of separation of powers is implicated by judicial interference with the decision to prosecute[.]" United States v. King, 581 F.2d 800, 802 (10th Cir. 1978). The Justice Department's internal death-penalty protocol (stated in Title 9, Chapter 10 of the United States Attorneys' Manual) concerns the decision to prosecute, and the death-penalty statute entrusts that decision to the Executive Branch. See McVeigh, 944 F. Supp. at 1483-84; Nichols, 931 F. Supp. at 752. Accordingly, it is not this Court's role to oversee the Justice Department's internal decision-making process by determining what disclosures Justice Department officials must make to Defendants before those officials may decide whether to seek the death penalty.

While the Court does not hesitate to order certain categories of pretrial discovery, at this time the Court declines to order the Government to immediately disclose every piece of information that could conceivably require disclosure by the date of trial. The trial dates set

by further scheduling orders of this Court, and not the United States Attorney's deadlines for deciding whether to seek the death penalty, will control the timing of additional discovery in this case.

## III. CONCLUSION

Inasmuch as the six death-eligible Defendants' *Motion for Immediate Production of Discovery* constitutes a request under Fed. R. Crim. P. 16(a) and Brady, the Court concludes that deadlines for production of certain categories of information enumerated in the standard discovery orders issued on the date of each death-eligible Defendant's arraignment should be reimposed at this time. Inasmuch as these Defendants request material that neither Fed. R. Crim. P. 16 nor Brady and its progeny require the United States to immediately produce at this time, their *Motion for Immediate Production of Discovery* must be denied. It follows from the Court's rulings that an evidentiary hearing on Defendants' motion is unwarranted. Therefore, Defendants' request for an evidentiary hearing at this time is denied.

**IT IS THEREFORE ORDERED** that Defendants' *Motion for Immediate Production of Discovery* [Doc. No. 236] is **GRANTED IN PART** and **DENIED IN PART** as set forth in this *Memorandum Opinion and Order*.

**IT IS FURTHER ORDERED** that:

1. Defendants Luis Cisneros, Felipe Cisneros, Angel Rivera, Paul Eppinger, Raymond Llamas, and Armando Alvarado are deemed to have requested discovery under

Fed. R. Crim. P. 16(a) and are subject to the reciprocal discovery obligations of Fed. R. Crim. P. 16(b)(1);

2. **Disclosure of Evidence by the Government**: Within eight (8) days of the entry of this *Memorandum Opinion and Order*, the Government shall provide without further motion one complete set of all of the information to which the above-named Defendants are entitled pursuant to Fed. R. Crim. P. Rule 16(a), namely:

**(A) Statements of the Defendants:** With respect to each of the above-named Defendants, the government shall disclose and make available for inspection, copying or photographing: any relevant written or recorded statements made by the Defendant, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known or by the exercise of due diligence may become known, to the attorney for the Government; that portion of any written record containing the substance of any relevant oral statement made by the Defendant whether before or after arrest in response to interrogation by any person then known to the Defendant to be a government agent; and recorded testimony of the Defendant before a grand jury which relates to the offense charged. The Government shall also disclose to the Defendant the substance of any other relevant oral statement made by the Defendant whether before or after arrest in response to interrogation by any person then known by the Defendant to be a government agent if the Government intends to use that statement at trial;

**(B) Defendant's Prior Record.** With respect to each of the above-named Defendants, the Government shall furnish to the Defendant such copy of the Defendant's

prior criminal record, if any, as is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government;

**(C) Documents and Tangible Objects.** With respect to each of the above-named Defendants, the government shall permit the Defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of the Defendant's defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belong to the Defendant;

**(D) Reports of Examinations and Tests.** With respect to each of the above-named Defendants, the Government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial;

**(E) Expert Witnesses.** With respect to each of the above-named Defendants, the Government shall disclose to the Defendant a written summary of testimony the Government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence

during its case in chief at trial. This summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications;

3. **Disclosure of Evidence by the Above-Named Defendants.** If the Government has complied with its discovery obligations under Fed. R. Crim. P. 16(a) with respect to the above-named Defendants, and on request of the Government, those Defendants shall comply with their discovery obligations under Rule 16(b) as follows:

**(A) Documents and Tangible Objects.** On requests of the Government, the Defendant shall permit the Government to inspect and copy or photograph, within fourteen (14) days of the request, books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the Defendant intends to introduce as evidence in chief at the trial;

**(B) Reports of Examinations and Tests.** On request of the Government, the Defendant shall permit the Government to inspect and copy or photograph, within fourteen (14) days of the request, any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the Defendant, which the Defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the Defendant intends to call at the trial when the results or reports relate to that witness' testimony;

**(C) Expert Witnesses.** If the Government makes disclosures under the relevant provision of Fed.R. Crim. P. 16(a)(1) in response to the request of the above-named Defendants, the Defendant shall, at the request of the Government, disclose to the

Government a written summary of testimony the Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. This summary must describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications;

4.  **Continuing Duty to Disclose.** If, prior to or during trial, the Government or one of the above-named Defendants discovers additional evidence or material previously requested or ordered, which is subject to discovery or inspection under Fed. R. Crim. P. 16, such party shall promptly notify the other party or that other party's attorney and the court of the existence of the additional evidence or material;

5.  **Information not Subject to Disclosure.** Unless mandated by the remaining paragraphs of this Order, evidence not otherwise subject to disclosure under Fed. R. Crim. P. 16 is not required to be produced pursuant to this *Memorandum Opinion and Order*;

6.  **Disclosure of Brady, Giglio, Bagley, Kyles, Strickler, and Jencks Act Materials.** The Government shall make available to the Defendants by no later than the time required by the applicable law, as specified in further scheduling orders of this Court, all material for which disclosure is mandated by Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), United States v. Bagley, 473 U.S. 667 (1985), Kyles v. Whitley, 514 U.S. 419 (1995), Strickler v. Greene, 527 U.S. 263 (1999), the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 12(i) and 26.2;

7.      **Disclosure of Fed. R. Evid. 404(b) Material.** All Fed. R. Evid. 404(b) information shall be disclosed by the Government to the Defendants prior to trial, as specified in further scheduling orders of this Court.

8.      **Further discovery motions shall not be filed by the parties except as authorized below.** The Defendants may file with the Court a particularized "Notice of Brady Requests" made to the Government in order to satisfy any specificity requirements under United States v. Agurs, 427 U.S. 97 (1976). If a party contends that the opposing party has not provided the material required to be produced by this *Order*, that party may petition this Court for its disclosure pursuant to D.N.M. LR-Crim. 16.1 only after a specific request for production has been denied by the opposing party. However, the Court will deny any such petition unless the party seeking production complies with the following requirements:

    A.      Identifies with specificity the evidence required to be disclosed and the paragraph of this Order authorizing its production; and

    B.      Identifies the Assistant U.S. Attorney or the individual defense counsel to whom a specific request for disclosure was made, the date such disclosure was denied and the proffered reason for denial. Such petitions shall be filed by the motions deadline as set by further scheduling orders of this Court; however, a petition shall not be refused as untimely where the opposing party has previously declined production on the grounds of present unavailability of the evidence or where the applicable law does not require production until after the motions deadline.

9. **Preservation of Tapes, Notes, and Other Memoranda.** The Government shall not purposefully destroy any tapes, notes, surveillance logs, reports, memoranda, communications, or other items requested in Defendants' *Motion for Immediate Production of Discovery*, that are generated in connection with this case until it is resolved.

**SO ORDERED** this 14th day of February, 2003, in Albuquerque, New Mexico.

> **M. CHRISTINA ARMIJO**
> **UNITED STATES DISTRICT JUDGE**