IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

   Plaintiff,

vs.                                                                                    CRIMINAL NO.    **01-1709 MCA**

**LUIS CISNEROS,**
**FELIPE N. CISNEROS,**
**PAUL E. EPPINGER,**
**RAYMOND LLAMAS,**
**ANGEL R. RIVERA,**
**ARMANDO R. ALVARADO,**
and **LORENA CISNEROS**,

   Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendants' Motion to End Unconstitutional Conditions of Confinement* [Doc. No. 263] filed on February 4, 2003. Having considered the parties' submissions, the applicable law, and being fully advised in the premises, the Court finds that grounds exist for denying Defendants' motion without prejudice as set forth below.

**I.     BACKGROUND**

Defendants Luis Cisneros, Felipe Cisneros, Paul Eppinger, Raymond Llamas, Angel Rivera, Armando Alvarado, and Lorena Cisneros have been indicted [Doc. No. 2, 44, 145]

and arraigned in this matter.  [Doc. No 92, 103, 123, 125, 156, 157, 165, 166, 167, 169.] They have been ordered detained pending trial, and they remain in custody as of the date of this *Memorandum Opinion and Order*.  [Doc. No. 54, 93, 103, 137, 172, 173.]

The *Third Superseding Indictment* [Doc. No. 145] charges Defendants Luis Cisneros, Felipe Cisneros, Paul Eppinger, Raymond Llamas, Angel Rivera, and Armando Alvarado with numerous offenses, some of which carry a maximum statutory penalty of death.  The *Third Superseding Indictment* charges Defendant Lorena Cisneros with RICO conspiracy and stolen vehicle conspiracy.  Neither of the offenses with which Defendant Lorena Cisneros is charged carries a maximum penalty of death.

On February 4, 2003, Defendants moved for an order ending the current conditions of their confinement.  Specifically, Defendants challenge (1) their placement in administrative segregation; (2) the fact that they are regularly shackled when they are out of their segregation units; (3) the fact that they are not provided with adequate recreational opportunities and facilities; (4) the fact that they are not provided with or allowed to possess various other items including warm weather clothing, cleaning supplies, televisions or radios, and more than ten commissary items a week; and (5) the fact that they are not being provided with prescribed medications.  Defendants further complain about the high level of security during transport from the detention facility to the courthouse (including surveillance by a helicopter) as well as the high level of security inside the courthouse.

Defendants argue that the current conditions of their confinement are punitive and, therefore, violate the Fifth and Fourteenth Amendments to the United States Constitution.

They also argue that the current conditions violate standards of human decency and, therefore, violate the Fifth and Eighth Amendments, and that they are being denied equal protection in violation of the Fifth and Fourteenth Amendments.  Finally, they argue that the current conditions interfere with their right to consult with counsel, their ability to prepare a defense, and their access to the courts, in violation of the Sixth Amendment.  Defendants further request an evidentiary hearing to present evidence that the current conditions of confinement are punitive.  They also request pre-hearing discovery to determine the existence of any decision, finding, or communication which relates to the current conditions.

The Government opposes the motion, arguing that the conditions of confinement are for security purposes and are not punitive, that the conditions do not constitute cruel and unusual punishment, that Defendants are not treated differently from other similarly-situated pretrial detainees, and that their Sixth Amendment rights are not being violated.

**II.     ANALYSIS**

Initially, the Court notes that because all of Defendants' claims challenge their conditions of confinement and related civil rights allegations, they may be cognizable pursuant to either  42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  See Wilson v. Blankenship, 163 F.3d 1284 (11th Cir. 1998) (pre-trial detainee challenged conditions of confinement by way of actions pursuant to Section 1983 and Bivens).  As to the majority of Defendants' claims, the Court finds that the claims may be more appropriately raised in that context, and the motion should, therefore, be denied without prejudice.

To the extent that Defendants argue that the conditions of confinement interfere with their right to consult with counsel, their ability to prepare a defense, and their access to the courts, such claims are directly related to the fairness of the instant trial and are, therefore, considered here.  In considering these claims, the Court is mindful of the "very limited role that courts should play in the administration of detention facilities."  Block v. Rutherford, 468 U.S. 576, 584 (1984).  Moreover, "[p]rison administrators [are to be] accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  Bell v. Wolfish, 441 U.S. 520, 547 (1979).  Defendants make various arguments and request that an evidentiary hearing be held.  In order to warrant an evidentiary hearing, defendants must demonstrate a "colorable claim" for relief.  United States v. Brink, 39 F.3d 419, 424 (3d Cir.1994) (remanding for hearing where Brink alleged facts that, if true, "could violate a defendant's rights under the Sixth Amendment").  Based on the following, the Court finds that an evidentiary hearing is not warranted.

Defendant Luis Cisneros argues that when he appeared for a post-detention pre-trial proceeding, he was so closely monitored by U.S. Marshals that confidential attorney-client communication in the courtroom was virtually impossible.  Notably, neither Mr. Cisneros nor his counsel objected at the time of the hearing.  Even assuming, arguendo, that the U.S. Marshals were standing unusually close to Mr. Cisneros, he has not stated a colorable claim for relief.  In particular, this was apparently a single event, and Mr. Cisneros has not alleged that he had no other opportunities to communicate with counsel.  Mr. Cisneros further

alleges that he was subjected to the use of the "black box" during this hearing. A "black box" is a small device which fits over a set of handcuffs to prevent a detainee from picking the lock. The Court notes, and counsel are here reminded, that the Court ordered the removal of the "black box" after objection at the start of the hearing. Defendants also argue that the fact that they are shackled during visits from their attorneys prohibits them from communicating freely and meaningfully with their attorneys. Despite wearing shackles, Defendants are allowed direct contact with their attorneys, and are only limited in the extent of movement each can enjoy. The Court, therefore, finds that Defendants have failed to state a colorable claim for relief, in that they have failed to allege how the shackling prohibits them from communicating with their attorneys. See Young v. Larkin, 871 F. Supp. 772, 784 (M.D. Pa.1994).

Defendant Armando Alvarado argues that his mitigation specialist was refused entry to visit Mr. Alvarado. In the affidavit of his attorney in support of this claim, however, his attorney concedes that the matter has been resolved. Mr. Alvarado is, therefore, presumably free to visit with his mitigation specialist, obviating the need for relief at this time.

Defendants argue that if they are to continue in administrative segregation, their ability to review volumes of evidence, to recall crucial details of their lives, or to understand various aspects of the case could be impaired. They also argue that the ability to maintain good behavior while confined is threatened by the current conditions of confinement, and that they may be driven to respond to their unfair conditions in ways that could develop evidence for the prosecution in the penalty phase. Both of these arguments, however, are

purely speculative, and Defendants have, therefore, not stated a colorable claim for relief as to either argument.

Defendants also argue that they have been prevented access to the courts. Defendants have not shown, however, that they are being prevented from going to court, or that their access to their attorneys has been limited or restricted. Rather, they complain of the conditions under which they are taken to court and permitted visitation by their attorneys. The Court, therefore, finds that Defendants have again failed to state a colorable claim for relief. Cf. May v. Sheahan, 226 F.3d 876, 883 (7th Cir. 2000) (disapproving a policy preventing detainees from going to court and limiting drastically their access to attorneys).

Finally, Defendants complain about the intense security present during transport to the courthouse from the detention facility, as well as the level of security within the courthouse during their presence. In this regard, the Court notes that matters of courthouse security are within the expertise of the United States Marshals Service, which is statutorily mandated to apply its expertise to provide for the security of United States District Court facilities. See 28 U.S.C. 566(a). In the case of non-jury court proceedings, the court may defer to the professional judgment of the United States Marshals Service without an independent, judicial evaluation of the precautions deemed necessary by the Marshals Service. United States v. Zuber, 118 F.3d 101, 104 (2nd Cir. 1997).

## III.  CONCLUSION

For the foregoing reasons, Defendants' motion must be denied without prejudice to Defendants' right to institute an action pursuant to 42 U.S.C. § 1983 and/or Bivens.

**IT IS, THEREFORE, ORDERED** that *Defendants' Motion to End Unconstitutional Conditions of Confinement* [Doc. No.263] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 27th day of March, 2003, in Albuquerque, New Mexico.

                                                    **M. CHRISTINA ARMIJO**
                                                    *United States District Judge*