IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT

JUL - 2 2003

*Robert M. March*
CLERK

UNITED STATES OF AMERICA,

　　　　Plaintiff,

vs.　　　　　　　　　　　　　　　　　　CRIMINAL NO. 01-1709 MV

LUIS A. CISNEROS, et al.,

　　　　Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the *Government's Motion for the Court to Inspect any Joint Defense Agreement In Camera* [Doc. No. 339] filed on April 29, 2003. Defendants filed a Response on May 19, 2003 [Doc. No. 366], and the Government filed a Reply on June 5, 2003. [Doc. No. 387]. Having considered the parties' submissions, the applicable law, and being fully advised in the premises, the Court finds that grounds exist for granting the Government's motion.

As other courts have recognized, "joint defense agreements impose an ethical duty of confidentiality on participating attorneys, presenting the potential for conflicts of interest that might lead to the withdrawal or disqualification of a defense attorney late in the proceedings or the reversal of conviction on appeal." United States v. Stepney, 246 F. Supp. 2d 1069, 1077 (N.D. Cal. 2003) (citing United States v. Henke, 222 F.3d 633, 643 (9th Cir. 2000)).

Defendants proffer several arguments against the production of any joint defense agreement. First, they argue that the Government's request unnecessarily intrudes into the attorney-client privilege. However, the Government is requesting only that the agreement be disclosed to the Court. Defendants cite no authority that stands for the proposition that attorney-client communications should be shielded from the Court.

Defense counsel further argue that no disclosure is necessary, because they have taken steps to avoid potential conflicts. The Court is very familiar with counsel for both sides in this case, having worked with them on previous occasions. The Court is well aware of the quality of the work of counsel, and has the utmost confidence in counsel's representations to the Court. Nonetheless, the stakes in this case are unusually high, both in terms of the penalty sought and the probable cost of the litigation. The Court is unwilling to run the risk of a withdrawal or disqualification of a defense attorney late in the proceedings, when that risk might be lessened by the Court's inspection of the joint defense agreement.

Finally, Defendants argue that they should not be required to reveal a joint defense agreement because the Government has not made a demonstrable, concrete showing of a potential conflict of interest. If the Government had, in fact, identified a specific conflict of interest, the Court would have a duty to inspect the agreement. See Mickens v. Taylor, 535 U.S. 162, 168-69 (2002) (holding that the trial court has a duty to inquire into the propriety of multiple representation when the court knew or should have known of a

2

particular conflict). The Government is not, however, required to make such a showing in order for the Court to exercise its discretion to inspect the agreement. "Courts have routinely intervened – prior to any controversy arising – where the circumstances of a criminal defendant's representation raises the potential for conflict of interest during the course of the proceedings, even before intervention is required by statutory or constitutional rule." Stepney, 246 F. Supp. at 1077. Out of an abundance of caution, and because it is unclear what potential conflicts might exist or arise as a result of a joint defense agreement, the Court has determined that prudence requires an examination of any joint defense agreement *in camera*.

Accordingly, Defendants shall provide to the Court a copy of the joint defense agreement. In the event that there is no written joint defense agreement, Defendants shall reduce any verbal agreement to writing and provide that to the Court.

**IT IS THEREFORE, ORDERED** that the *Government's Motion for the Court to Inspect any Joint Defense Agreement In Camera* [Doc. No. 339] is **GRANTED**.

**IT IS FURTHER ORDERED** that a copy of the Joint Defense Agreement shall be provided to the Court within forty-eight (48) hours.

**SO ORDERED** this ___ day of July, 2003, in Santa Fe, New Mexico.

MARTHA VAZQUEZ
*United States District Judge*