IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                    No.  CR 01-1709 MV

LUIS A. CISNEROS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion by Seven Accused for Reconsideration of Dismissal and Request for Hearing, filed by Defendants Luis Cisneros, Felipe Cisneros, Paul Eppinger, Angel Rivera, Armando Alvarado, Arthur Quintana and Lorena Cisneros on September 25, 2003 ("Motion for Reconsideration") **[Doc. No. 476]**.  The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion for Reconsideration is not well taken and will be **DENIED**.

### BACKGROUND

On December 20, 2001, a federal grand jury in Las Cruces, New Mexico returned a one-count Indictment charging Armando Alvarado with conspiracy to possess controlled substances with the intent to distribute.  The matter was assigned to Judge M. Christina Armijo as the judge then assigned to the Las Cruces rotating docket.  On April 17, 2002, the Indictment was superseded to expand the period of the alleged conspiracy.  On September 19, 2002, a Second Superseding Indictment was returned which added nine defendants and sixteen counts including eight capital counts alleging racketeering, interstate murder for hire and murder of a witness. Thereafter, on September 23, 2002, the government moved to transfer the matter from the Las

Cruces docket to the Albuquerque docket. Judge Armijo granted the government's motion on September 26, 2002. On November 15, 2002, a federal grand jury returned a Third Superseding Indictment (the "New Mexico Indictment"). The Third Superseding Indictment added no new charges but included a Notice of Special Findings as to each death penalty-eligible Defendant relating to the mental state of each such Defendant at the time of the alleged capital offenses and the existence of any statutory aggravating factors.

On June 13, 2003, Judge Armijo voluntarily recused herself from this matter. Thereafter, on June 16, 2003, this matter was transferred and reassigned to this Court. At a status conference before this Court on July 14, 2003, the government disclosed to the Court and Defendants that on July 11, 2003, a federal grand jury in Phoenix, Arizona had returned a thirty-two count Indictment against all ten Defendants in this case as well as three additional defendants (the "Arizona Indictment"). The Arizona Indictment includes the charges in the New Mexico Indictment and adds twenty-two new counts. After making this disclosure, the government orally moved the Court to dismiss the New Mexico Indictment. The Court directed the government to file a written motion setting forth its request.

On July 17, 2003, the government filed a Motion to Dismiss Third Superseding Indictment Without Prejudice ("Motion to Dismiss"). The Court held an evidentiary hearing on August 15, 2003. On September 15, 2003, the Court entered a Memorandum Opinion and Order (the "Order") granting the Motion to Dismiss.

Subsequently, on September 25, 2003, Defendants Luis Cisneros, Felipe Cisneros, Paul Eppinger, Angel Rivera, Armando Alvarado, Arthur Quintana and Lorena Cisneros filed the

instant Motion for Reconsideration. The government filed a response in opposition on October 3, 2003. Defendants' reply papers followed on October 15, 2003.

**STANDARD**

Although the Federal Rules of Criminal Procedure do not include any provisions for a motion to reconsider, the Tenth Circuit has recognized such a motion under the common law doctrine and considerations of judicial economy set forth in *United States v. Healy*, 376 U.S. 75 (1964). *See, e.g., United States v. Corey*, 999 F.2d 493, 495 (10th Cir.), *cert. denied*, 510 U.S. 1001 (1993); *United States v. Anderson*, 85 F. Supp.2d 1084, 1109-10 (D. Kan. 1999). Courts have evaluated motions to reconsider in criminal cases under the same standards governing a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See, e.g., United States v. Thompson*, 125 F. Supp.2d 1297, 1300 (D. Kan. 2000). Accordingly, the Court may grant a motion for reconsideration on any one of three grounds: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. *See United States v. Prince*, 167 F. Supp.2d 1296, 1300 (D. Kan. 2001). The decision to grant or deny a motion for reconsideration is committed to the reviewing court's sound discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

A motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd,* 43 F.3d 1484 (10th Cir. 1994). In other words, such motions are not appropriate if the movant's only purpose is to have the reviewing court revisit issues already addressed or hear new arguments or supporting facts that could have been presented originally. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991),

*cert. denied*, 506 U.S. 828 (1992). On the other hand, a motion to reconsider is appropriate if "the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence." *Comeau v. Rupp*, 810 F. Supp. 1172, 1175 (D. Kan. 1992).

## DISCUSSION

Defendants argue that reconsideration of the Motion to Dismiss is warranted because the Court applied an improperly narrow legal standard in its ruling and overlooked evidence establishing that the prosecution has no good faith basis for its security concerns. In addition, Defendants argue that the Court improperly failed to rule upon and grant Defendants' request for an order requiring the government to produce documents. The Court will address each of these issues in turn.

### A. Legal Standard

Defendants contend that the Court applied the improper legal standard in ruling on the government's Motion to Dismiss. According to Defendants, the Court believed its discretion to be more circumscribed than it actually is under the statute and the relevant case law. Specifically, Defendants argue that the Court did not understand that it "may -- and in fact must -- consider all of the circumstances to determine whether the prosecution's motion will serve the 'public interest, fair administration of criminal justice and preservation of judicial integrity.'" Motion for Reconsideration at 7 (citing *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988)). Rather, Defendants argue, the Court improperly believed that "it had no choice but to grant dismissal unless the prosecution's justification demonstrated that the motion was brought in bad faith evidenced by desires contrary to the public interest." Motion for Reconsideration at 3. As a

result, Defendants conclude, the Court ignored "actual forum shopping, hardship to the accused, [and] other factors establishing that dismissal is not in the best interests of the public or the fair administration of justice." *Id.*

Contrary to Defendants' contentions, the Court applied the very standard -- and the same case law -- as that set forth by Defendants in the Motion for Reconsideration. In the Order, the Court stated:

> The Supreme Court has explained that the "principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.,* charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 30 n.15 (1977). *Rule 48(a) also allows the court "to consider the public interest in the fair administration of criminal justice and the need to preserve the integrity of the courts." United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985); *see also United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988).

Order at 9 (emphasis added). Thus, the Court cited both *Carrigan* and *Strayer* for the proposition that, under Rule 48(a), the Court is authorized to "consider all of the circumstances to determine whether the prosecution's motion will serve the 'public interest, fair administration of criminal justice and preservation of judicial integrity.'" Motion for Reconsideration at 7 (citing *Strayer*, 846 F.2d at 1265).

Although the Order recognizes that the Court's discretion on a Rule 48(a) motion to dismiss is limited[1], the Court did not interpret its discretion to be so limited as to allow it only to determine whether "the prosecution's justification demonstrated that the motion was brought in

---

[1] The Court explained that the Tenth Circuit has held that "the court is 'generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is clearly contrary to manifest public interest.'" Order at 10 (citing *Carrigan*, 778 F.2d at 1463, and *Strayer*, 846 F.2d at 1265).

-5-

bad faith evidenced by desires contrary to the public interest." Motion for Reconsideration at 3. Rather, the Court explained that:

> In reviewing the government's motion to dismiss, the court must begin with the presumption that the prosecutor is the best judge of the public interest and that he or she acted in good faith in moving to dismiss the indictment. *See Salinas*, 693 F.2d at 352. This presumption is rebutted upon an evidentiary showing that the motion is not made in good faith. *Id.* The government does not bear the burden of proving that dismissal is in the public interest. *Id.* The government, however, is obligated to provide its "reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984). The government's reasons must "constitute more than 'a mere conclusory interest.'" *Salinas*, 693 F.2d at 352. *Based upon the government's statement of reasons and the defendant's response, "the court should determine whether the presumption of good faith is overcome by 'an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest.'"* United States v. Welborn, 849 F.2d 980, 984 (5th Cir. 1988) (citation omitted).

Order at 10 (emphasis added).

Applying this legal standard to the facts, the Court determined that the presumption of good faith was not overcome by an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest. In reaching this holding, the Court did not "ignore" Defendants' arguments of "actual forum shopping, hardship to the accused, [and] other factors establishing that dismissal is not in the best interests of the public or the fair administration of justice." Motion for Reconsideration at 3. Rather, the Court analyzed each of these arguments and specifically considered whether the factors set forth by Defendants were sufficient to overcome the presumption of good faith. Indeed, the Court acknowledged that Defendants' concerns were legitimate.[2] Nonetheless, the Court explained that the standard was

---

[2]*See, e.g.*, Order at 16 ("The Court agrees with Defendants that the timing of the government's motion raises legitimate concerns.")

not one which allowed a balancing of the harms to the parties, but rather required the Court to consider whether the concerns raised by Defendants provided an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest.[3] After conducting this analysis, the Court concluded that the factors identified by Defendants were not sufficient to overcome the presumption of good faith. Specifically, the Court found:

> [T]he Court agrees with Defendants that the timing of the government's motion creates a legitimate suspicion of forum-shopping. In light of the reasonable, factual basis for the government's motion as set forth in its motion papers, however, the concerns raised by Defendants are insufficient to overcome the presumption that the government acted in good faith and in consideration of the public interest. In deciding the instant motion, the Court is limited to determining whether all of the evidence taken together demonstrates that the government had a reasonable basis for its concerns regarding security, changes in the Arizona Indictment and practicalities. So long as the government had a reasonable basis for its concerns, the Court has no discretion to find that the government lacked good faith in seeking dismissal of the New Mexico Indictment. As set forth above, the Court finds that the government has adequately established that it had a reasonable basis for its concerns. Accordingly, the appearance of forum-shopping created by the timing of the motion is insufficient to overcome the presumption that the government's request was motivated by reasonable concerns relating to security, changes in the Arizona Indictment and practicalities.

Order at 29-30.

In accordance with the case law, the Court considered the government's statement of reasons and Defendants' response, and determined that there has been "no evidentiary showing that the government's motion lacks a good faith basis or is contrary to the public interest." Order at 38. Similarly, the Court determined that "the evidence does not establish that granting the

---

[3]*See, e.g.*, Order at 35 ("This is not, however, a case in which the Court has the discretion to weigh the potential hardships to the parties or to determine which party should bear the burden of the government's negligence, inattention and indifference to the hardships that its motion might cause. Rather, so long as the government's motion is not motivated by the improper purpose of violating Defendants' right to effective assistance of counsel, the Court is constrained to find that the motion is made in good faith, regardless of the consequences to Defendants.")

motion would be inconsistent with the fair administration of justice." *Id.* In reaching its determination, the Court thus applied the relevant standard as set forth by the Court in the Order and by Defendants in the Motion for Reconsideration. While Defendants may not agree with the result reached upon the Court's application of the relevant standard to the facts, the Court did not misapprehend the law and, accordingly, reconsideration on this basis is not warranted.

      B.      <u>Evidence</u>

Next, Defendants argue that the Court overlooked evidence establishing that the government has no good faith basis for its security concerns. In support of this argument, Defendants contend that the claimed lack of security appears to receive no support from the United States Marshal's Service. Further, Defendants contend that the government had easy access to the identity of defense counsel's alleged confidential sources and that if the government were truly concerned with alleged security breaches, the government could have found the source of the alleged security breaches. According to Defendants, because the government made no such efforts, it is clear that there was no breach of security, no basis for security concerns and, accordingly, no basis for the Motion to Dismiss. Moreover, Defendants argue, new additions to the Arizona Indictment and claims of convenience were "afterthoughts" rather than independent bases for the Motion to Dismiss.

In making their argument, Defendants do not present new evidence. Similarly, they do not contend that the Court misapprehended the facts. Rather, they claim that the Court "overlooked" certain evidence. As set forth above, however, a motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel*, 846 F. Supp. at 1483. Defendants are basically asking the Court to reconsider

-8-

the weight of arguments and evidence previously presented to the Court. This is precisely what they are prohibited from doing upon a motion for reconsideration. Defendants had the opportunity to and in fact did make virtually the same arguments in their opposition to the government's Motion to Dismiss and at the August 15, 2003 hearing. In the Order, the Court outlined in detail Defendants' position on this issue:

> Defendants contend that the timing of the Motion to Dismiss, which the government brought only after this case was transferred to this Court, creates an inference that the government's alleged security concerns are no more than a pretext for its desire to have this case tried before another judge. Specifically, Defendants point out that although the government was on notice as early as April 25, 2003 of potential leaks in the courthouse, while this case was still before Judge Armijo the government failed to raise the issue of the potential danger posed by these leaks. Indeed, Defendants note, the government did not even mention this issue in their response to the May 14th Motion despite the fact that the affidavits attached as exhibits to that motion clearly disclosed the fact of defense counsel's confidential sources. It was not until the July 14, 2003 status conference before this Court that the government suggested that these potential leaks raised questions about whether the District of New Mexico is an appropriate forum in which to continue prosecution of this case. Defendants submit that if the government truly had security concerns, it would not have waited until July 14, 2003 to make those concerns known to the Court. Defendants further submit that if the government's concerns were sparked by the disclosure of the potential information leaks rather than by the transfer of this case, the government would have produced direct evidence predating the reassignment to this Court.

Order at 15-16. Upon consideration of Defendants' arguments, the Court concluded that the government's explanations were "sufficient to dispel the concerns raised by the timing of the Motion to Dismiss," and explained its conclusion in detail:

> Next, with regard to the lapse of time between its discovery of the potential information leaks and its motion, the government explains that when it first learned about the potential leaks, it did not know how best to proceed and that the decision to seek dismissal was neither an instant decision nor a decision made by the government's New Mexico office alone. Rather, the government explains, several internal meetings were held, first within the United States Attorneys' Office in New Mexico, then with the United States Attorney in Arizona and finally with

the Deputy United States Attorney General's Office in Washington, D.C. Ultimately, on July 1, 2003, the United States Attorneys for the District of New Mexico and the District of Arizona made a joint written request to United States Attorney General John Ashcroft for permission to seek an indictment of Defendants in Arizona and thereafter dismiss the pending New Mexico Indictment. The written request explains:

> The same security concerns that led Judge Armijo to recuse herself still exist and have not been ameliorated. Combined with other security concerns, the need to file additional charges, and certain practical considerations, we believe that the only federal district in which this case now can be tried safely and efficiently is the District of Arizona.

Letter from David C. Iglesias and Paul K. Charleton to the Honorable John Ashcroft, dated July 1, 2003. The request does not mention the transfer of the case to this Court. Attorney General Ashcroft responded to Mr. Iglesias in a letter dated July 14, 2003, authorizing him to dismiss the New Mexico Indictment. While the government has disclosed both its request to the Attorney General and the Attorney General's response, the government has explained that, under the deliberative process privilege, it is not in a position to disclose internal documents regarding the decision-making process that led up to its request.

With regard to its failure to raise the issue of security concerns in its response to the May 14th Motion, the government asserts that raising such an issue would not have responded to the issue before the Court which was limited to whether Judge Armijo was biased against Defendants. The government further states that it had no means to investigate the potential leaks, as such an investigation would have required the government to attack opposing counsel by calling them as witnesses or subpoenaing them to the grand jury. According to the government, it was unable to take such action in the midst of a capital case before a judge who was recusing herself.

The period of time between the government's first notice on April 25, 2003 of potential information leaks and its request to the Attorney General on July 1, 2003 for permission to dismiss the New Mexico Indictment does not seem unreasonable, particularly given the fact that the government was engaged in internal meetings and decision-making throughout that period. Nor does it seem unreasonable that the government did not raise the issue of security concerns in the context of the recusal proceedings. Finally, it was not unreasonable for the government to take into consideration the criminal history background of Defendants and the discovery of the alleged plot to murder Detective Maya in assessing the potential impact of information leaks. Regardless of whether

-10-

> Defendants in fact are dangerous or were involved in the murders of the witnesses in the "chop shop" case, it is clear from the history of this case that the government has consistently expressed the view that Defendants pose a significant security risk. Because of the consistency of the government's position, this Court cannot conclude that the government's allegations regarding Defendants' dangerousness were manufactured solely for the purposes of this motion.

Order at 17-19.

Accordingly, it is clear that Defendants already raised and the Court already addressed the evidence which Defendants now contend the Court overlooked. The fact that the Court did not, after evaluating such evidence, reach the conclusion that Defendants believe to be correct does not amount to a misapprehension of the facts. Reconsideration thus is not warranted on this basis.

### C.  Request for Documents

After the Court held the hearing on the Motion to Dismiss, Defendants filed an additional memorandum of law requesting that the Court order the production of documents evidencing the government's security concerns. Defendants contend that the Court erred in failing to rule upon and grant this request.

In the Order, the Court expressly acknowledged the government's assertion of the deliberative privilege process.[4] The Court does not agree that it was required to address further Defendants' request for the production of documents. Similarly, the Court is not persuaded by Defendants' prior or current arguments that such production is appropriate. Moreover, the fact that the Court did not grant Defendants' request does not provide a basis for reconsideration. As

---

[4] The Order states: "While the government has disclosed both its request to the Attorney General and the Attorney General's response, the government has explained that, under the deliberative process privilege, it is not in a position to disclose internal documents regarding the decision-making process that led up to its request." Order at 17-18.

the Court granted the government's Motion to Dismiss, Defendants' request for documents is now moot.

## CONCLUSION

Defendants have not established that the Court misapprehended either the law or the facts in this case. Accordingly, there is no basis on either ground for reconsideration of the Order. Moreover, Defendants have not established that the Court's failure to grant their request for the production of documents warrants reconsideration.

**IT IS THEREFORE ORDERED** that the Motion for Reconsideration **[Doc. No. 476]** is hereby denied.

Dated this 4th day of November, 2003.

MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

<u>Attorneys for Plaintiff</u>:
James Tierney
Gregory Fouratt
Steven Yarbrough

<u>Attorneys for Defendants</u>:
Peter Schoenburg
Brian Pori
Randi McGinn
Natman Schaye
Larry Hammond
Jerry Herrera
Dorothy Sanchez
Kari Converse
Billy Blackburn
Gail Evans
Jacquelyn Robins
Charles Aspinwall
Mark Fine
Scott Pistone
Cathy Love