IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      No.  CR 01-1709 MV

LUIS A. CISNEROS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Stay Judgment and to Prevent Transfer of Defendants to Arizona During Pendency of Appeal, filed by Defendants Luis Cisneros, Felipe Cisneros, Paul Eppinger and Angel Rivera on November 7, 2003 ("Motion for Stay") **[Doc. No. 493]**.  The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion for Stay is partially well taken and will be **DENIED in part** and **GRANTED in part**.

### BACKGROUND

On December 20, 2001, a federal grand jury in Las Cruces, New Mexico returned a one-count Indictment charging Armando Alvarado with conspiracy to possess controlled substances with the intent to distribute.  The matter was assigned to Judge M. Christina Armijo as the judge then assigned to the Las Cruces rotating docket.  On April 17, 2002, the Indictment was superseded to expand the period of the alleged conspiracy.  On September 19, 2002, a Second Superseding Indictment was returned which added nine defendants and sixteen counts including eight capital counts alleging racketeering, interstate murder for hire and murder of a witness.  Thereafter, on September 23, 2002, the government moved to transfer the matter from the Las

Cruces docket to the Albuquerque docket. Judge Armijo granted the government's motion on September 26, 2002. On November 15, 2002, a federal grand jury returned a Third Superseding Indictment (the "New Mexico Indictment"). The Third Superseding Indictment added no new charges but included a Notice of Special Findings as to each death penalty-eligible Defendant relating to the mental state of each such Defendant at the time of the alleged capital offenses and the existence of any statutory aggravating factors.

On June 13, 2003, Judge Armijo voluntarily recused herself from this matter. Thereafter, on June 16, 2003, this matter was transferred and reassigned to this Court. At a status conference before this Court on July 14, 2003, the government disclosed to the Court and Defendants that on July 11, 2003, a federal grand jury in Phoenix, Arizona had returned a thirty-two count Indictment against all ten Defendants in this case as well as three additional defendants (the "Arizona Indictment"). The Arizona Indictment includes the charges in the New Mexico Indictment and adds twenty-two new counts. After making this disclosure, the government orally moved the Court to dismiss the New Mexico Indictment. The Court directed the government to file a written motion setting forth its request.

On July 17, 2003, the government filed a Motion to Dismiss Third Superseding Indictment Without Prejudice ("Motion to Dismiss"). The Court held an evidentiary hearing on August 15, 2003. On September 15, 2003, the Court entered a Memorandum Opinion and Order granting the Motion to Dismiss ("Order of Dismissal").

Subsequently, on September 25, 2003, Defendants Luis Cisneros, Felipe Cisneros, Paul Eppinger, Angel Rivera, Armando Alvarado, Arthur Quintana and Lorena Cisneros filed a Motion for Reconsideration. On October 21, 2003, the Court entered an Order postponing the transfer of

Defendants from New Mexico to Arizona for a period of not less than ten (10) days after the Court's forthcoming ruling on the Motion for Reconsideration. Thereafter, on November 4, 2003, the Court entered a Memorandum Opinion and Order denying the Motion for Reconsideration ("Order Denying Reconsideration").

On November 7, 2003, Defendants Luis Cisneros, Felipe Cisneros, Paul Eppinger and Angel Rivera filed the instant Motion for Stay. The government filed its response in opposition on November 13, 2003. Defendants elected not to file reply papers.

## DISCUSSION

In the Motion for Stay, Defendants request that this Court stay the judgment dismissing their case until the Tenth Circuit has ruled on Defendants' forthcoming appeal of the Order of Dismissal and the Order Denying Reconsideration. Defendants also request that this Court order that their transfer to Arizona be postponed until the Tenth Circuit has reached a decision on their appeal. In the alternative, Defendants request that their transfer be postponed until November 20, 2003 in order to allow them to have one last group meeting with all counsel on November 19, 2003. The government opposes Defendants' request for a stay and for postponement of their transfer until the appeal is decided, but does not oppose Defendants' request that their transfer be postponed until after the November 19, 2003 meeting.

There is no legal basis for this Court to grant a stay as requested by Defendants. First, neither the Order of Dismissal nor the Order Denying Reconsideration is a judgment. Moreover, there can be no judgment entered which this Court would be able to stay pending appeal. The only types of judgments contemplated by the Federal Rules of Criminal Procedure are a judgment of acquittal pursuant to Rule 29 and a judgment of conviction pursuant to Rule 32(k). Neither a

judgment of acquittal nor a judgment of conviction was entered in this case. As the prosecution of this matter ended without a judgment, this Court is unable to stay judgment pending appeal.

Similarly, the Court has no authority to stay the Order of Dismissal or the Order Denying Reconsideration. Both of these orders have already been entered on the criminal docket, and thus have been entered for appellate purposes. *See* Fed. R. App. P. 4(b)(6). Once these orders were entered for appellate purposes, this Court's jurisdiction over this matter ended.

In support of their request, Defendants cite to Rule 8(a) of the Federal Rules of Appellate Procedure, which provides in relevant part: "A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a). Defendants' reliance on Rule 8(a) is misplaced. Rule 8(c) specifically provides that a stay in a criminal case is governed by Rule 38 of the Federal Rules of Criminal Procedure. *See* Fed. R. App. P. 8(c). Rule 38 provides for a stay only of the following: death sentence, imprisonment, fine, probation, restitution, forfeiture and disability. *See* Fed. R. Crim. P. 38. There is no provision for the stay of an order of dismissal or an order denying reconsideration. Thus, the Court is not authorized by either Rule 8(a) or Rule 38 to order a stay herein. Because the Court has found no alternative basis upon which to grant a stay, the Court must deny Defendants' request for a stay.

As the Court has decided to deny Defendants' request for a stay pending appeal, there is no reason to postpone Defendants' transfer to Arizona pending such appeal. Defendants have presented the Court with neither a legal basis nor a practical purpose for such a postponement in the absence of a stay. The Court has been mindful of the need for Defendants to remain in close proximity to their attorneys in order to make decisions regarding whether to move for

reconsideration and whether to appeal. Once the decision to appeal has been made and the attorneys turn their attention to drafting their briefs and preparing for oral argument, however, the need for Defendants to remain in New Mexico is no longer compelling. This is especially true given the fact that there is no longer a pending indictment against Defendants in New Mexico, while there is a pending indictment against them in Arizona.

Moreover, once Defendants have filed their notice of appeal, this Court will not have jurisdiction over this matter. Defendants must file their notice of appeal no later than November 19, 2003. Thus, even if the Court were to grant Defendants' motion for a postponement of their transfer, such an order effectively would expire on November 19, 2003.

The Court, however, agrees that Defendants should be able to remain in New Mexico long enough to attend the meeting with their attorneys scheduled for November 19, 2003. Accordingly, the Court will grant Defendants' alternative request that their transfer to Arizona be postponed until November 20, 2003.

## CONCLUSION

The Court does not have the authority to grant Defendants' request for a stay of judgment pending appeal. Given that the Court will not grant a stay, the Court finds no reason to grant a postponement of Defendants' transfer to Arizona until the Tenth Circuit has reached a decision on their appeal. The Court, however, will grant Defendants' request that their transfer to Arizona be postponed until November 20, 2003.

**IT IS THEREFORE ORDERED** that the Motion for Stay **[Doc. No. 493]** is hereby denied in part and granted in part.

**IT IS THEREFORE FURTHER ORDERED** that the transfer of Defendants Luis Cisneros, Felipe Cisneros, Paul Eppinger and Angel Rivera from the Torrance County Detention Facility to the District of Arizona shall be postponed until November 20, 2003.

Dated this 18th day of November, 2003.

MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:
James Tierney
Gregory Fouratt
Steven Yarbrough

Attorneys for Defendants:
Peter Schoenburg
Brian Pori
Randi McGinn
Natman Schaye
Larry Hammond
Jerry Herrera
Dorothy Sanchez
Kari Converse
Billy Blackburn
Gail Evans
Jacquelyn Robins
Charles Aspinwall
Mark Fine
Scott Pistone
Cathy Love